UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In Re:                                                                          CASE NO.: **10-07287-PMG**

**VALERIE SHAW,**

        Debtor.
_____/

**MOTION TO COMPEL TRUSTEE TO
ABANDON PROPERTY, OR IN THE ALTERNATIVE,
TO COMPEL TRUSTEE TO ADMINISTER PROPERTY**

     Comes now the debtor, Valerie H. Shaw, and moves the court pursuant to Bankruptcy Rule 6007(b) to compel the Trustee to abandon certain real property located at 3542 Bay Island Circle, Jacksonville Beach, Florida, or, in the alternative, pursuant to 11 U.S.C. § 5 to use its equitable powers to compel the Trustee to administer this property and states:

     1.  The debtor filed for bankruptcy under Chapter 7 of the Bankruptcy Code on August 20, 2010.

     2.  The debtor owns and resides at 3542 Bay Island Circle, Jacksonville Beach, Florida.

     3.  The debtor believes this residence is worth approximately $300,000, but she owes in excess of $360,000 on this property.

     4.  The debtor is very delinquent on the mortgage on this property, and does not have the ability to make payments nor any intent to bring this mortgage current.

     5.  The debtor has not claimed this residence as her exempt homestead, but has instead claimed the $4,000 "wildcard" exemption allowed by Fla. Statute 222.25(4).

6.  The Trustee, Gordon Jones, has asked the debtor to vacate her residence.

7.  The debtor fears liability to the city and county, and possibly her mortgage company, if she abandons the property and fails to maintain it as required by municipal ordinance.

8.  The debtor, through her attorney, has requested the Trustee obtain a turnover order so that he will assume responsibility for maintaining the property. The Trustee has refused to do so.

9.  Pursuant to Jacksonville Municipal Code § 518.201 - 518.212 (attached as Exhibit A) the owner of a property is required to maintain the property and secure it or board it if vacant.

10.  Violation of this chapter is a Class E offense and subjects the violator to fines and costs of $355.00 per violation, pursuant to Municipal Ordinance 609.109.

11.  Homes abandoned due to forclosures have become such a severe problem in Jacksonville that Jacksonville City Council recently passed Bill 210-0327, that established a new Chapter 179 in the Municipal Code to address this problem. A copy of this bill is attached as Exhibit B.

12.  The findings that led to this ordinance, contained in the last bill, indicate a serious problem in Jacksonville from abandoned homes in foreclosure.

13.  Based on information and belief, the Trustee, Gordon Jones, has mailed numerous letters to debtors who reside in their former homestead but have claimed the homestead exemption, demanding that they vacate the home. Notwithstanding these letters, the Trustee has not been administering these properties.

14.  A copy of the letter sent to the debtor by the Trustee in this case demanding

she vacate the property is attached as Exhibit C.

15. The debtor believes the Trustee does not intend to administer her residence but has demanded the debtor vacate the residence in an attempt to coerce her into waiving her $4,000 wildcard exemption.

16. The Trustee should be required to administer the property and assume responsibility for maintaining it and keeping it in compliance with Municipal Code, or should be required to abandon it pursuant to 11 U.S.C § 554.

WHEREFORE, the debtor prays the court to enter an order requiring the Trustee to either administer the residence of the debtor or abandon same.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of this Motion to Strike was furnished to: Gordon P. Jones, Trustee, PO Box 600459, Jacksonville, FL 32260, electronically, on the __25th__ day of March, 2011.

/s/ Edward P. Jackson
EDWARD P. JACKSON
255 N. Liberty Street, 1st Floor
Jacksonville, FL 32202
(904) 358-1952
(904) 358-1288 fax
Florida Bar No.: 286648
Attorney for Debtors