# EXHIBIT A

### Sec. 518.201. - Legislative intent and findings.

The accumulation of underbrush, weeds, rubbish, trash and grass as well as the creation of pools, ponds or other bodies of water or structures which endangers the public health, welfare or safety of the community, has become an ever increasing menace, constitutes a nuisance, and the city acting through the Chief shall have the authority to, and shall, as a priority, abate the same in the most aggressive means provided by the Ordinance Code or state law. The abatement of such nuisance enhances the value of the property, involves furnishing of vital services and constitutes a special assessment.

*(Ord. 96-458-297, § 1; Ord. 2007-286-E, § 1)*

### Sec. 518.202. - Conditions prohibited and declared public nuisances; penalty.

The following described conditions occurring or being upon any lot, tract or parcel of land, or contiguous swales, improved or unimproved, within 100 feet of any improved property on which there exists a building, structure or other premises occupied by people within the city, or on any lot or parcel of land irrespective of its distance from any structure when the Chief determines on a case by case basis, to the extent and in the manner that the lot, tract or parcel of land is or may reasonably become infested or inhabited by rodents, vermin or animals, or may furnish a breeding place for mosquitoes, or threatens or endangers the public health, safety or welfare, or may reasonably cause disease, are each hereby prohibited and declared to be a public nuisance:

- **(1)** Nuisance vegetation which exceeds a height of 15 inches over the majority of the parcel or untended growth or weeds, grass, underbrush or undergrowth, or other noxious vegetation (but not including trees, plants or other vegetation protected by state law).
- **(2)** A building, structure, premises or other place which provides uncontrolled breeding places, protection or shelter for rodents, vermin or other pests.
- **(3)** A wholly or partially manmade pool, pond or other body of water, which tends to produce disease vectors, biting insects, pests or the like. In addition, in the case of swimming pools, water quality and clarity may be declared a threat to or endangerment of public health and safety when the clarity of the pool water is such that the main drain grate is not completely visible to a person standing on the pool deck, or the recirculation system or disinfection feeding equipment is missing or not functioning.
- **(4)** An obstruction or diversion of the natural or artificial flow of water, whether by dams, blocks or other means, which tends to produce or results in the stagnation of water, except for the filling or excavation of land located in or bordering on navigable waters of the state, if the activities are then regulated by F.S. Ch. 253, Chapter 654, Ordinance Code or other applicable laws.
- **(5)** Garbage, trash, rubbish or debris.
- **(6)** Junk or abandoned vehicles, or any vehicle which:
  - **(a)** Threatens or endangers public safety or welfare;
  - **(b)** Creates a blighting influence upon the neighborhood where the vehicle rests; or
  - **(c)** Is, or may reasonably become infested or inhabited by rodents, vermin or animals, or may furnish a breeding place for rodents, vermin or animals.

  As it relates to bona fide automobile repair facilities existing as of the effective date of this legislation, such establishments shall be allowed to maintain outside storage of junk or abandoned vehicles for a period of three months from the effective date of this legislation. After the expiration of this time period, all junk and/or abandoned vehicles must be removed, or stored in a completely enclosed building.
- **(7)** A swimming pool where water quality or clarity is a threat to or endangerment to public health and safety due to lack of visibility of main drain grate and/or equipment (recirculation system or disinfection feeding equipment) is missing or not functioning.
- **(8)** Unsecured vacant building or dwelling.
- **(9)** Graffiti.
- **(10)** An unsafe or unsanitary condition not included within the meaning of the other terms as used herein which endangers the public health, welfare or safety of the community.
- **(11)** Abandoned personal property of dispossessed residents. Any owner who physically retakes possession of property through eviction, foreclosure, or other means and removes personal items of the previous resident from the property shall place such items in the designated trash collection area of the property, or, if there is no such area and the owner must place such items on the curb, all loose items, with the exception of furniture, shall be placed in trash receptacles or in boxes or bags and stacked neatly on the curb in accordance with Chapter 382 of the Ordinance Code.

*(Ord. 96-458-297, § 1; Ord. 98-496-E, § 2; Ord. 2002-1106-E, § 2; Ord. 2002-1301-E, § 1; Ord. 2006-1363-E, § 9; Ord. 2010-282-E, § 2; Ord. 2010-283-E, § 1)*

### Sec. 518.203. - Junk and abandoned vehicle parking or storage prohibited.

No person in charge or control of any property within the city whether as owner, tenant, occupant, lessee or otherwise, shall allow any junk or abandoned vehicle to remain on any private or public property within the city longer than 15 days; and no person shall leave any such vehicle on any property within the city for a longer time than 15 days; except that this article shall not apply to a vehicle on the premises of a business enterprise licensed and operated in a lawful place and manner, to repair vehicles with current license or those places where active restoration is taking place and both activities are taking place within a closed building.

(Ord. 98-496-E, § 2; Ord. 2002-1106-E, § 3)

### Sec. 518.204. - Failure to comply with order; penalties.

A person who violates this Part or who procures or acquiesces in a violation of the provisions of this Part, or a person who fails to comply with an order or citation issued pursuant to this Part by the Chief or the Building Codes Adjustment Board, shall, upon conviction thereof, be guilty of a class E offense. A separate offense shall be deemed committed for each day that a violation of this chapter continues. The penalties for each type of offense shall be contained in Addendum "B" to this chapter.

(Ord. 96-458-297, § 1; Ord. 98-496-E, § 2; Ord. 2007-286-E, § 2)

### Sec. 518.205. - Boarding of vacant buildings or dwellings.

(a) It is declared unlawful and a public nuisance for any owner of any property in the city to maintain such property or permit such property to be maintained in such manner that any one or more of the conditions described in the following subsections are found to exist:
  (1) Any vacant and unoccupied buildings of which doors, windows, or other openings are broken or missing, so as to allow access to the interior, or boarded and which is not secured in compliance with Section 518.205(c)(1),(2)or (3).
  (2) Any vacant and unoccupied building of which doors, windows, or other openings are secured by boarding for a period exceeding 6 months.
(b) Additional time period extensions beyond the initial six month boarding of a building may be approved by the Special Magistrate or Municipal Code Enforcement Board.
(c) When a building or structure is unoccupied and is unsafe because it is vacant, unguarded and open at doors or windows, or otherwise provides access to the interior, the Chief may approve the temporary securing of the building or structure. Materials or methods for securing the building or structure shall be as follows:
  (1) Windows and doors shall be repaired or replaced, closed and locked to prevent unauthorized entry. Other openings shall be sealed with solid sheathing, consisting of one-inch boards or minimum 1/2-inch exterior grade plywood or equivalent, securely nailed in place with 8d nails and painted a similar color as the main structure; or
  (2) Windows, doors and other openings shall be secured by covering same with solid sheathing consisting of one-inch boards or minimum 1/2-inch exterior grade plywood or equivalent, securely nailed in place with minimum 8d nails and painted a similar color as the main structure. Where there is no frame or where the frame is loose or defective, a subframe of two by four-inch lumber shall be provided to secure the sheathing.
  (3) The Chief may approve alternatives to the above methods, providing the alternatives are equivalent to the above in strength.

(Ord. 2006-1363-E, § 10)

*Editor's note—* Ordinance 2007-839-E, § 18, authorized updated department/division names pursuant to reorganization.

### Sec. 518.206. - Notice.

(a) Whenever the Chief finds any one or more of the conditions set forth in Section 518.202 to exist, he/she shall cause a notice to be posted on the property upon which the public nuisance exists. The posted notice shall state:
  (1) A description of the public nuisance.
  (2) The time period allowed for termination.
  (3) The time period allowed for a written petition for an appeal to the Building Codes Adjustment Board.
  (4) That termination of the public nuisance by the city shall cause a special assessment and lien for the total costs thereof to be placed on the property.
  (5) That the owner, custodian, agent, lessee, trustee or occupant of the property is subject to prosecution for violation of Chapter 518 of the property.
  (6) That the person is subject to prosecution for violation of Chapter 518 of the Ordinance Code.

(7) That the city, notwithstanding the above, reserves the right to proceed with an action foreclosing the lien placed against the property upon which the nuisance existed, to hold the owner of the property personally liable for the cost of correcting the offending condition, or/and to place the lien on the Tax Collector's roll for collection purposes.

(b) The mailing of the notice shall be sufficient proof thereof, and the delivery or service of notice shall be equivalent to mailing. For the purpose of notice requirements to a property owner, the owner shall be deemed to be the owner recorded on the current tax records in the office of the Property Appraiser. If the mailing address of the person is not known to the Chief or the records do not reveal a change of ownership of the property involved or the property is unoccupied, the posted notice on the property shall constitute sufficient notice to the owner, custodian, agent, lessee, trustee or occupant thereof and no additional notice shall be required for any action hereunder.

(Ord. 96-458-297, § 1; Ord. 98-496-E, § 2; Ord. 2006-1363-E, § 11)

*Editor's note—* Ord. 2006-1363-E, § 11, amended the Code by renumbering former §§ 518.205—518.211 as new §§ 518.206—518.212.

### Sec. 518.207. - Removal of junk and abandoned vehicles.

Junk and abandoned vehicles remaining on property beyond the time limits specified in this Chapter shall be removed by private contract, taken to an authorized storage location and then stored and disposed of in accordance with state law.

(Ord. 98-496-E, § 2; Ord. 2002-1106-E, § 4; Ord. 2006-1363-E, § 11)

*Note—*Former *§ 518.206*. See editor's note following *§ 518.206*

### Sec. 518.208. - Hearing.

Within 15 days after the date of mailing the notice as provided in Section 518.205, or the delivery, service or posting thereof, as the case may be, the owner, custodian, agent, lessee, trustee or occupant of the property involved, not including junk or abandoned vehicles, shall have the right to make written petition for a hearing before the Building Codes Adjustment Board. Thereafter, the Board shall promptly arrange a time for the hearing and provide appropriate notice thereof to the petitioner, who may appear to show:

(a) That the public nuisance does not exist or why the public nuisance does not threaten or endanger the public health, welfare or safety.
(b) Why the public nuisance cannot be terminated within 15 days.
(c) Why the public nuisance should not be removed, terminated and abated by the city and a special assessment and lien placed on the property.

At the hearing, the city and the petitioner may introduce witnesses as deemed necessary.

When the public nuisance involves a junk or abandoned vehicle, the hearing provisions specified in Section 670.106, Ordinance Code shall apply.

(Ord. 96-458-297, § 1; Ord. 98-496-E, § 2; Ord. 2002-1106-E, § 5; Ord. 2006-1363-E, § 11)

*Note—*Former *§ 518.207*. See editor's note following *§ 518.206*

### Sec. 518.209. - Termination of public nuisances.

If termination of the public nuisance is not completed or commenced in a meaningful manner (such as hiring a contractor, or commencing significant and actual abatement activities) by the person within 15 days from the date of notice or issuance of a paying citation pursuant to Section 609.104, Ordinance Code, or if a hearing has not been requested pursuant to Section 518.207 or 609.104, Ordinance Code, or within the time period established by the Board or Special Magistrate, as provided in Section 670.106, Ordinance Code, if the Board or Special Magistrate orders removal, termination or abatement thereof, the Chief shall either refer the case to the Municipal Code Enforcement Board as a violation of this Chapter, or cause the condition to be terminated by the city; provided, that, when a public nuisance is of a magnitude or degree that the city's equipment and personnel cannot safely or completely terminate it, the Chief may contract with a private contractor to terminate it on behalf of the city.

(Ord. 96-458-297, § 1; Ord. 98-496-E, § 2; Ord. 2002-1106-E, § 6; Ord. 2006-1363-E, § 11; Ord. 2007-286-E, § 3)

*Editor's note—* Ordinance 2007-839-E, § 18, authorized updated department/division names pursuant to reorganization.

*Note—*Former *§ 518.208*. See editor's note following *§ 518.206*

### Sec. 518.210. - Lien for costs of termination, Nuisance Abatement Lien Record and notice.

The total expense, including administrative costs, incurred by the city in causing a public nuisance to be terminated under this Chapter shall be a special assessment and lien upon the property upon which the public nuisance was terminated. The Chief shall have a nuisance abatement cost statement and invoice thereof prepared. The Chief may, at his discretion, mail the invoice or furnish to the Tax Collector the statement and invoice. The Tax Collector, shall:

(a) Upon receipt of the statement, cause the lien to be entered in a record which shall be prepared and kept for that purpose and kept open for public inspection during reasonable office hours in the office of the Tax Collector, labeled Nuisance Abatement Lien Record, showing the amount of the cost, the date of completion of the work and a legal description of the property and real estate appraiser number upon which the lien is placed.

(b) Upon the entry of the lien in the Nuisance Abatement Lien Record, cause a copy of the lien statement and invoice, if provided by the Chief, to be mailed to the owner, custodian, agent, lessee, trustee or occupant of the property and a notice of assessment and lien to be published one time in a daily newspaper regularly published and in general circulation in the city, which notice shall show the nature of the assessment and lien, the amount thereof and a legal description of the property affected thereby.

*(Ord. 96-458-297, § 1; Ord. 98-496-E, § 2; Ord. 2006-1363-E, § 11)*
**Note**—*Former § 518.209. See editor's note following § 518.206*

### Sec. 518.211. - Finality and priority of lien.

The lien shall be effective and final against the real property upon which the work has been done from the time of entry in the Nuisance Abatement Lien Record. Liens in the Nuisance Abatement Lien Record shall take priority as of the time of entry therein. Any lien granted pursuant to this Chapter shall be enforceable and continue in full force for 20 years after the date the lien is entered into the Nuisance Abatement Lien Record or discharged by payment.

*(Ord. 96-458-297, § 1; Ord. 98-496-E, § 2; Ord. 2006-1363-E, § 11)*
**Note**—*Former § 518.210. See editor's note following § 518.206*

### Sec. 518.212. - Payment and enforcement of lien and interest thereon.

A lien provided for in this Chapter may be paid within 180 days after the publication of the notice of assessment and lien as provided in Section 518.208 without interest. Thereafter, the amount of the lien, including administrative costs and cost of publication of notice of assessment and lien, together with interest at the rate of 12 percent per annum commencing from the date of filing of the lien, and costs of collection, including but not limited to collection agency fees, attorneys fees and court costs, shall be a lien against the property and shall be collected and enforceable in the same manner as is provided by law for the enforcement of other taxes or special assessment liens levied upon the property. Such nuisance abatement liens shall be prior in dignity to all other liens or encumbrances of any kind against the property, except the liens of the state, county and city for taxes, which shall be of equal dignity with the special assessment lien for nuisance abatement. All funds collected in accordance with this section shall be deposited into the Nuisance Abatement Lien Special Revenue Fund as provided in section 111.470, Ordinance Code. The Nuisance Abatement Lien Special Revenue Fund shall supplement general revenue funding for nuisance abatement contractual services.

*(Ord. 96-458-297, § 1; Ord. 98-496-E, § 2; Ord. 2006-1363-E, § 1; Ord. 2007-286-E, § 4)*
**Note**—*Former § 518.211. See editor's note following § 518.206*

### Sec. 518.213. - Reserved.

*Editor's note*— *Ord. No. 2010-53-E, § 2, amended the Code by repealing former § 518.213 in its entirety. Former § 518.213 pertained to resident responsibility for trash, garbage and recyclables, and derived from Ord. 2006-1363-E, § 12.*