UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

VALERIE H. SHAW,                              Case No.: 3:10-bk-07287-PMG

          Debtor.                             Chapter 7
_____/

## TRUSTEE'S RESPONSE IN OPPOSITION TO DEBTOR'S MOTION
## TO COMPEL TRUSTEE TO ABANDON PROPERTY, OR IN THE
## ALTERNATIVE, TO COMPEL TRUSTEE TO ADMINISTER PROPERTY

Gordon P. Jones, Chapter 7 Trustee (the "Trustee"), by and through his undersigned counsel, hereby files this Response in Opposition to the Motion (the "Motion") of the Debtor, Valerie H. Shaw (the "Debtor") to Compel the Trustee to Abandon Property, or in the Alternative, to Compel the Trustee to Administer Property, and says in support thereof:

1. On August 20, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for Chapter 7 relief (the "Petition") in the United States Bankruptcy Court in and for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") in the case styled as *In re Valerie H. Shaw*, Case No. 3:10-bk-07287-PMG (the "Bankruptcy Case").

2. On August 23, 2010, the Trustee was appointed as Chapter 7 trustee of the Defendant's bankruptcy estate (the "Estate").

3. In Schedule A of the Petition, the Defendant scheduled an interest in the real property located at 3542 Bay Island Circle, Atlantic Beach, Florida 32250 (the "Real Property").

4. On Schedule C of the Petition, the Defendant did not claim the Real Property as exempt.

5. In her Statement of Intention, the Defendant declared under penalty of perjury that the Real Property will be surrendered.

{JA611789;2}

6. At the Section 341 meeting held on October 7, 2010 (the "341 Meeting"), the Defendant stated under oath that she intended to continue living in the Real Property.

7. At the 341 Meeting, the Trustee advised the Defendant that she needed to vacate the Real Property immediately.

8. On October 12, 2010, the Trustee sent the Defendant a letter demanding the Defendant vacate the Real Property (the "Demand Letter"). A true and correct copy of the Demand Letter is attached hereto and incorporated herein as **Exhibit A**.

9. The Real Property is property of the Estate. *See* 11 U.S.C. § 541.

10. Since the Petition Date, the Debtor has held no interest in the Real Property. Yet, the Defendant has continued to reside at the Real Property since the Petition Date.

11. As of the date of this motion, the Defendant has not vacated the Real Property.

12. The Debtor seeks to discharge all claims related to the Real Property in this Bankruptcy Case.

13. The Debtor's post-Petition Date actions have created obstacles to the Trustee's administration of the Estate.

14. The Debtor lacks standing to bring the Motion. Furthermore, the allegations in the Motion, even if true, do not support the relief requested by the Debtor as, *inter alia*,:

   a. The Real Property is property of the estate and the Debtor has no interest in the Real Property;

   b. Post-Petition Date claims related to the Real Property are matters between the Trustee and any such claimants;

   c. The allegations that the Trustee has not been administering properties is absolutely false and how the Trustee has proceeded in other cases has no relevance with respect to the issues presented in this case; and

d. Issues regarding abandoned houses have no bearing on the matters at issue in this case.

15. On February 23, 2011, the Trustee, for and on behalf of the estate, commenced that certain adversary proceeding styled as *Gordon P. Jones, Chapter 7 Trustee v. Valerie H. Shaw*; United States Bankruptcy Court, Middle District of Florida, Jacksonville Division; Adv. Proc. No. 3:11-ap-0095-PMG (the "Adversary Proceeding"). The allegations set forth in the Trustee's Complaint in the Adversary Proceeding are incorporated herein by reference.

16. The Adversary Proceeding is still pending. A status conference in the Adversary Proceeding is scheduled for June 14, 2011 at 9:00 a.m.

WHEREFORE, Gordon P. Jones, Chapter 7 Trustee, respectfully requests that the Court enter an order (i) denying the Debtor's Motion to Compel the Trustee to Abandon Property, or in the Alternative, to Compel the Trustee to Administer Property; and (ii) providing for such other and further relief as the Court deems is just and proper.

Dated: April 27, 2011.  AKERMAN SENTERFITT

By:/s/ Jacob A. Brown
Jacob A. Brown
Florida Bar No.: 0170038
Email: jacob.brown@akerman.com
Mary K. Coxe
Florida Bar No.: 068549
Email: katie.coxe@akerman.com
50 North Laura Street, Suite 3100
Jacksonville, FL 32202
Telephone: (904) 798-3700
Facsimile: (904) 798-3730

Attorneys for Gordon P. Jones, Chapter Trustee

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished by either electronic notification or U.S. Mail, postage prepaid and properly addressed, on the 27th day of April, 2011, to:

Valerie H. Shaw
3542 Bay Island Circle
Jacksonville Beach, FL 32250

Edward P. Jackson, Esq.
Edward P. Jackson, P.A.
255 North Liberty Street, First Floor
Jacksonville, FL 32202

Gordon P. Jones, Chapter 7 Trustee
P.O. Box 600459
Jacksonville, FL 32260-0459

United States Trustee - JAX7
135 W. Central Blvd., Suite 620
Orlando, FL 32801

*/s/ Jacob A. Brown*
Attorney

Exhibit A

# GORDON P. JONES
*Bankruptcy Trustee*
*Post Office Box 600459*
*Jacksonville, Florida 32260-0459*
*(904) 262-7373*

October 12, 2010

Valerie H. Shaw
3542 Bay Island Circle
Jacksonville Beach Fl 32250

    Case no.:    10-07287-3G7

Dear Ms. Shaw :

I have been appointed Trustee of the above-mentioned case. My initial review of the Schedules filed in this case discloses that you own real property located at 3542 Bay Island Circle, Jacksonville Beach Fl. I believe that this property is, or was, your homestead. Nonetheless, this property was not claimed as exempt on Schedule C of your Bankruptcy Schedules. Upon the filing of a Petition for Bankruptcy, an estate is created pursuant to 11 U.S.C. §541 consisting of all property of the debtor(s) wherever located and by whomever held, including the real property mentioned above. Accordingly, this real property is property of the estate for which I am charged with administering.

Additionally, one of my duties as Trustee, pursuant to 11 U.S.C. Section 704(3), is to "ensure that the debtor shall perform his intentions as specified in 11 U.S.C. §521(2)(B)". In your Statement of Intentions, you indicated that you are surrendering the property pursuant to §521(2)(B).

Your continued use and occupancy of the premises without my express written permission is unauthorized. This is a warning that you are trespassing on property of the estate. Your post-petition use of the premises is hindering and delaying my ability to administer this asset and could be a ground for objecting to your discharge pursuant to 11 U.S.C. §727(a)(2)(B). Please immediately vacate the premises and provide me with the Notice of Change of Address as filed with the Bankruptcy Court. Moreover, please notify me in writing of the exact date that you vacated the premises. Furthermore, please immediately forward to me all keys and security codes for entry to the premises.

Alternatively, if you want to continue residing in this property, please immediately amend your Schedule C to claim the property as exempt pursuant to Article 10, Section 4 of the Florida Constitution. If an Amendment is filed, I have no objection to you continuing to reside in the property pending final resolution of your entitlement to this claim of exemption.

    Sincerely,

    Gordon P. Jones, Trustee

GPJ/nc

Copy to:

Edward P Jackson
255 N. Liberty St, First Floor
Jacksonville, Fl 32202