UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:  Case No. 3:10-bk-7287-PMG

VALERIE H. SHAW,

                Debtor.  Chapter 7

ORDER ON MOTION TO COMPEL TRUSTEE TO ABANDON PROPERTY, OR IN THE ALTERNATIVE, TO COMPEL TRUSTEE TO ADMINISTER PROPERTY

THIS CASE came before the Court for hearing to consider the Debtor's Motion to Compel Trustee to Abandon Property, or in the Alternative, to Compel Trustee to Administer Property.

The Debtor and the Trustee agree that certain residential real property (the Property) located in Jacksonville Beach, Florida is property of the bankruptcy estate. The parties also agree that the Property is fully encumbered by a contractual mortgage that was recorded prepetition.

Pursuant to §542(a) and §554(b) of the Bankruptcy Code, the Trustee must determine whether the Property is of inconsequential value or benefit to the estate. The issue in this case is whether the Trustee has received a reasonable length of time to make the determination.

Under the circumstances of this case, the Court finds that the Trustee should be allowed sixty (60) days from the date of this Order within which to obtain a binding contract to sell or otherwise administer the Property. If the Trustee does not obtain a binding contract within sixty days, the Property should be abandoned pursuant to §554(b) of the Bankruptcy Code.

1

## Background

The Debtor, Valerie H. Shaw, filed a petition under Chapter 7 of the Bankruptcy Code on August 20, 2010.

On her schedule of assets, the Debtor listed certain real property located in Jacksonville Beach, Florida. The Property is the Debtor's residence.

On her schedule of assets, the Debtor listed the value of the Property as $300,000.00. On her schedule of liabilities, the Debtor listed Bank of America as holding a first mortgage on the Property in the amount of $361,297.04.

The Debtor did not claim the Property as exempt.

On her Statement of Intention filed with the Chapter 7 petition, the Debtor indicated that she intended to surrender the Property. The mortgage is in default, and the automatic stay has been modified to permit the holder of the mortgage to proceed with its foreclosure action. (Doc. 15).

The Debtor has continued to reside on the Property during her bankruptcy case, and intends to continue residing on the Property until the mortgage is foreclosed. (Adv. Pro. 11-95, Doc. 13, Statement of Undisputed Facts, p. 4).

On October 12, 2010, the Trustee demanded in writing that the Debtor immediately vacate the Property.

On February 23, 2011, the Trustee filed a Complaint against the Debtor. (Adv. Pro. 11-95). The Complaint includes an action to recover possession of the Property.

On March 25, 2011, the Debtor filed a Motion to Compel the Trustee to Abandon the Property, or in the Alternative, to Compel the Trustee to Administer the Property. (Doc. 49).

In the Motion to Compel, the Debtor contends that a municipal ordinance requires vacant properties to be maintained and secured. If she vacates the Property as demanded by the Trustee, therefore, the Debtor contends that the ordinance may be violated, and that current monetary penalties may be imposed against her as a result of the violation. (Doc. 49). Consequently, the Debtor contends that "the Trustee should be required to demonstrate to the Court how he would administer the property and should therefore be required to do so, including assuming all on-going liability that naturally comes with a home, including maintenance, and payment of HOA dues. In the alternative, if the Trustee cannot produce sufficient funds that will allow him to do so, the Trustee should be required to abandon the property." (Doc. 61, pp. 5-6).

In response, the Trustee asserts that "the Debtor should not be permitted to force the Trustee to abandon the Real Property, where the Real Property is property of the bankruptcy estate and the Trustee is entitled to possession of the Real Property and to liquidate the Real Property for the benefit of the Debtor's bankruptcy estate." (Doc. 62, pp. 4-5). The Trustee asserts that he is working with a liquidation expert either to sell the Property, or to otherwise receive value from the Property for the estate. Consequently, the Trustee asks that the Court deny the Debtor's Motion in its entirety or, alternatively, to grant him "at least 180 days to sell or otherwise achieve value from the Real Property by, *inter alia*, short sale or to the lender through a credit bid process under 11 U.S.C. § 363." (Doc. 62, p. 5).

### Discussion

With certain specific exceptions, §541(a)(1) of the Bankruptcy Code provides that property of the estate includes "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. §541(a)(1). "A debtor may claim a proper exemption and remove such property

from the estate, but unless and until a proper exemption is claimed, the property remains in the estate subject to the claims of creditors." In re McLean, 41 B.R. 893, 898 (D.S.C. 1984)(quoted in In re Kent, 411 B.R. 743, 751 (Bankr. M.D. Fla. 2009)).

In this case, the Debtor did not claim the Property as exempt, and the Debtor and the Trustee agree that the Property is property of the bankruptcy estate under §541(a) of the Bankruptcy Code. (Adv. Pro. 11-95, Doc. 13, Statement of Undisputed Facts, p. 4).

In liquidation cases, property of the estate is subject to administration by a Chapter 7 trustee. In re Kelley, 2007 WL 2492732, at 4 n.7 (M.D. Fla.)(quoting Collier on Bankruptcy § 6-700 (15th ed.)). According to §704(a)(1), the Trustee in Chapter 7 cases shall "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. §704(a)(1).

"In performing his duties under §704(a), a chapter 7 trustee may administer an asset of the estate by selling it, returning it to a secured creditor, or abandoning it, depending on the circumstances of the case." In re Buchanan, 270 B.R. 689, 693 (Bankr. N.D. Ohio 2001)(cited in In re Kent, 411 B.R. at 751).

"In order to carry out their duties, bankruptcy trustees are given certain powers by the Bankruptcy Code." Section 542(a), for example, "authorizes a bankruptcy trustee to compel turnover of estate property from anyone who has it in their 'possession, custody, or control, during the case.'" In re Graves, 396 B.R. 70, 73 (10th Cir. BAP 2008). Section 542(a) provides:

> **11 USC § 542. Turnover of property to the estate**
>
> (a) Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, . . . <u>shall deliver to the</u>

4

<u>trustee, and account for, such property</u> or the value of such property, <u>unless such property is of inconsequential value or benefit to the estate</u>.

11 U.S.C. §542(a)(Emphasis supplied). Turnover is "a remedy to obtain what is acknowledged to be property of a debtor's estate." <u>In re Rubesh</u>, 347 B.R. 115 (10th Cir. BAP 2006)(citing <u>In re Gallucci</u>, 931 F.2d 738, 741 (11th Cir. 1991)).

Additionally, §554 of the Bankruptcy Code gives bankruptcy trustees the power to abandon estate property that would not sell for a sufficient price to justify the cost of the property's liquidation. <u>In re Laredo</u>, 334 B.R. 401, 414 (Bankr. N.D. Ill. 2005). Section 554 provides in part:

**11 USC § 554. Abandonment of property of the estate**

> (a) After notice and a hearing, the trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate.
>
> (b) On request of a party in interest and after notice and a hearing, <u>the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate</u>.

11 U.S.C. § 554(a), (b)(Emphasis supplied). The section permits the abandonment of property that would otherwise consume the estate's resources. <u>In re Pilz Compact Disc, Inc.</u>, 229 B.R. 630, 635 (Bankr. E.D. Pa. 1999).

"The concepts of turnover and abandonment work in a complementary manner." <u>In re Dunn</u>, 320 B.R. 161, 164 (Bankr. S.D. Ohio 2004). As shown by §542 and §554, each section requires an evaluation of whether an asset is of "inconsequential value or benefit to the estate." Under §542(a), the property should be turned over to the Trustee, if it is not "of inconsequential value or benefit to the estate." Conversely, if the property is "of inconsequential value and benefit to the estate," it may be abandoned under §554(a) or (b).

5

### A. A party in interest

Pursuant to §554(b), a "party in interest" may request the entry of an order compelling the trustee to abandon property that is of inconsequential value and benefit to the estate. Additionally, rule 6007(b) of the Federal Rules of Bankruptcy Procedure provides that a "party in interest" may file a motion to require the trustee to abandon property of the estate. Fed.R.Bankr.P. 6007(b). As a preliminary matter, the Court finds that the Debtor is a party in interest within the meaning of §554(b) and Rule 6007(b).

The Debtor owned the Property prior to the filing of the bankruptcy case, and is the named borrower on the mortgage that encumbers the Property. The automatic stay has been lifted to permit the mortgage lender to proceed with its foreclosure action, but the foreclosure has not been concluded. The Debtor continues to reside on the Property, although her present right to possession of the Property is the subject of a dispute with the Trustee. The Debtor contends that she has maintained the Property during the bankruptcy case, and that she may incur certain postpetition liabilities if the Property is vacated and falls into disrepair.

Under these circumstances, the Court finds that the debtor is a "party in interest" for purposes of §554(b). See In re Heath, 2007 WL 7532278, at 3 (9th Cir. BAP); In re Hyman, 123 B.R. 342, 347 (9th Cir. BAP 1991); Barletta v. Tedeschi, 121 B.R. 669, 673 (N.D.N.Y. 1990)("The debtor is a 'party in interest' who may request abandonment of estate property."); and In re Clark, 274 B.R. 127, 134 (Bankr. W.D. Pa. 2002).

The Debtor has a present interest in the Trustee's decision to either administer the Property as an asset of the estate, or to abandon the Property as "of inconsequential value and benefit to the estate."

## B. "Inconsequential value or benefit to the estate"

Generally, an asset is of inconsequential value or benefit to the estate if it is "not expected to sell for a price sufficiently in excess of encumbrances to offset the costs of administration." In re Laredo, 334 B.R. 401, 414 (Bankr. N.D. Ill. 2005)(quoting Midlantic Nat'l Bank v. N.J. Department of Environmental Protection, 474 U.S. 494 (1986)(Rehnquist, C.J., dissenting)). The question is whether the money received from the asset will exceed the cost of administering the asset. In re Bolden, 327 B.R. 657, 667 (Bankr. C.D. Cal. 2005); In re Dunn, 320 B.R. 161, 164 (Bankr. S.D. Ohio 2004).

Where an asset is fully encumbered, it is typically deemed to be of inconsequential value to the estate. "Where the estate has no equity in an asset, so that unsecured creditors are unlikely to benefit from a sale of the property, it is generally recognized that abandonment is the appropriate method of dealing with the asset, not liquidation." In re Iuliano, 2011 WL 1627172, at 3 (M.D. Fla.)(citing In re Feinstein Family Partnership, 247 B.R. 502, 507-09 (Bankr. M.D. Fla. 2000)). In fact, some Courts have found that "proof that a debtor lacks equity in property establishes a prima facie case that the property is of inconsequential value and benefit to the estate and should be abandoned." In re Laredo, 334 B.R. at 415(citing In re Paolella, 79 B.R. 607, 610 (Bankr. E.D. Pa. 1987)). The prima facie case may be rebutted, however, by showing that some method of sale holds a reasonable prospect that creditors will receive a meaningful recovery from the asset. In re Laredo, 334, B.R. at 415; In re Burgio, 441 B.R. 218, 221 (Bankr. W.D.N.Y. 2010).

In order to show that fully-encumbered property may have value to the estate, the trustee should demonstrate that he has a specific plan or method to generate the benefit. He may not "simply speculate as to possible scenarios in which there might be some benefit" to the estate. In re Rasberry, 2009 WL 2921301, at 2 (Bankr. E.D. Okla.). A "mere possibility of a benefit inuring to the estate,

without any evidence of a proposed sale, is not a sufficient basis" to find that the asset has value to the estate. In re Iuliano, 2010 WL 5452726, at 5 (Bankr. M.D. Fla.). "The court need not consider speculative factors" when determining whether an asset is of inconsequential value or benefit to the estate. In re Nelson, 251 B.R. 857, 860 (8th Cir. BAP 2000). On the contrary, Bankruptcy Courts may require "concrete evidence of value to the bankruptcy estate" in evaluating whether an encumbered asset should be abandoned or turned over to the trustee. In re Wait, 2010 WL 2667413, at 2 (Bankr. N.D. Iowa).

### C. A reasonable time for determination

Although §542 and §554 both involve a determination of whether an asset is of inconsequential value or benefit to the estate, neither section establishes the point in a bankruptcy case by which the determination should be made. The "timing issue" may arise, for example, where the debtor or a secured creditor asserts an immediate interest in the property, but the trustee claims that he needs additional time to evaluate whether a benefit may be obtained from the property. See In re Cantor, 2008 WL 4561504, at 7-8 (Bankr. W.D. Pa.).

Under §704(a)(1) of the Bankruptcy Code, a trustee must "collect and reduce to money the property of the estate for which such trustee serves, and close such estate <u>as expeditiously as is compatible with the best interests of parties in interest</u>." 11 U.S.C. §704(a)(1)(Emphasis supplied). "The duty to close the estate expeditiously is the Trustee's main duty and overriding responsibility." In re Hutchinson, 5 F.3d 750, 753 (4th Cir. 1993)(quoted in In re Wait, 2010 WL 2667413, at 2 (Bankr. N.D. Iowa)). In discharging his duty, it is the Chapter 7 trustee's function to liquidate the estate's assets expeditiously, not to operate or manage the property for the estate. In re PermaLife Products, LLC, 432 B.R. 503, 513-14 (Bankr. D.N.J. 2010). Even in those unusual circumstances where a

8

Chapter 7 trustee is authorized to operate the debtor's business, §721 permits the operation to continue only "for a limited period." 11 U.S.C. §721.

A trustee is required to administer the estate expeditiously. The period of time for him to evaluate an asset's value is not open-ended or indefinite. It is also clear, however, that the trustee must have an adequate opportunity to maximize the property's value for the estate. See In re Cantor, 2008 WL 4561504, at 8.

Based on these considerations, it is generally recognized that a trustee should determine, within a "reasonable" time, whether an asset is of inconsequential value or benefit to the estate.

In In re Wait, 2010 WL 2667413 (Bankr. N.D. Iowa), a debtor filed a motion to compel the abandonment of certain encumbered real property that was adjacent to the debtor's homestead. The trustee opposed the requested abandonment by asserting that he needed more time to market the property or evaluate its potential. The Court was asked to decide whether the Trustee had already received a reasonable time within which to determine whether the property was of inconsequential value or benefit to the estate.

The Court first recognized that the determination required the trustee to balance his duty to administer the case expeditiously with his duty to consider the "best interests" of creditors and the debtor. In re Wait, 2010 WL 2667413, at 2. The Court then addressed the timing issue.

> In balancing these duties, the trustee is generally permitted, within a reasonable time, to consider the question of abandonment. 5 *Collier on Bankruptcy* ¶ 554.02(2)(Alan N. Resnick & Henry J. Sommer eds., 16th ed.). *Collier* describes the proper balancing as follows:
>
> > The term "reasonable" implies that the period of deliberation is adaptable to the circumstances. The trustee may wait until he or she is able to ascertain whether there is any profit to be expected for the estate. In fact, it may be the trustee's duty to wait.

> . . .
>
> While the trustee may be accorded a reasonable time period for investigation, when other parties seek a decision about abandonment, there comes a time, as one court put it, "to fish or cut bait." The trustee must close a bankruptcy estate as expeditiously as is compatible with the best interests of the parties. The term expeditiously should be deemed to put a reasonable time limitation on the trustee. Extraordinary delay in closing a bankruptcy estate should generally not be tolerated. Unreasonably holding property that should be abandoned should likewise not be tolerated.

In re Wait, 2010 WL 2667413, at 3(quoting 5 *Collier on Bankruptcy* ¶ 554-5). In other words, a Chapter 7 trustee should determine whether an asset is of inconsequential value or benefit to the estate within a reasonable time, and the reasonableness of the period depends on the circumstances of the case.

### D. Application

In this case, the Court finds that the Trustee must either administer or abandon the Property within sixty days of the date of this Order. The Court reaches this decision because (1) the Property is fully-encumbered, (2) the Chapter 7 case has been pending for more than ten months, and (3) the Debtor has filed a Motion to compel the Trustee to administer or abandon the Property.

First, the Property is fully-encumbered. The Debtor listed the Property on the schedules that were originally filed with her bankruptcy petition, and valued the Property at $300,000.00. The parties agree that the Duval County Property Appraiser's Office valued the Property at $283,883.00 for the 2010 tax year. (Adv. Pro. 11-95, Doc. 13, Statement of Undisputed Facts, p. 4).

According to the Debtor's schedules, the Property was encumbered by a mortgage in the amount of $361,297.04. On September 24, 2010, BAC Home Loan Servicing, LP filed a Motion for Relief from Stay with respect to the Property. (Doc. 12). The affidavit of indebtedness attached to the

Motion reflects that the total amount owed on the mortgage as of September 14, 2010, was $361,164.60.

Based on the estimated valuations and statements of debt, therefore, it appears that the amount of the lien on the Property exceeds the Property's value by at least $60,000.00. The estate has no equity in the Property.

Second, the bankruptcy case has been pending for more than ten months. The Chapter 7 petition was filed on August 20, 2010. The Property was listed on the schedules originally filed with the petition in August of 2010, and is not a newly-discovered asset. The Debtor never claimed the Property as exempt, and the Trustee examined the Debtor regarding the Property at the §341 meeting of creditors on October 7, 2010.

The Property is a residence. It is not commercial or other "special use" property that may require particular marketing expertise to sell. Even though the Property has remained in the estate for ten months, however, the Trustee has not produced a viable contract to sell or liquidate the estate's interest in the Property.

Finally, the Debtor has filed a Motion to Compel the Trustee to administer or abandon the Property. (Doc. 49). The Debtor resides on the Property, and contends that certain penalties may be imposed against her if the Property is vacated as demanded by the Trustee. The Trustee acknowledges that the estate has not paid any of the expenses of maintaining the Property since the Chapter 7 case was filed. (Adv. Pro. 11-95, Doc. 13, Statement of Undisputed Facts, p. 4).

Under these circumstances, the Trustee should be allowed sixty (60) days from the date of this Order within which to obtain a binding contract to sell or otherwise administer the Property. If the

11

Trustee does not obtain a binding contract within sixty days, the Property should be abandoned pursuant to §554(b) of the Bankruptcy Code.

In reaching this decision, the Court specifically finds that sixty days from this Order is a reasonable time within which to require the Trustee to determine whether the Property is of inconsequential value or benefit to the estate, and to either administer or abandon the Property. Sixty days is a reasonable period because the Property is fully-encumbered, the Chapter 7 case has been pending for more than ten months, and the Debtor has filed a Motion to compel the Trustee to administer or abandon the Property.

Further, the deadline fixed by this Order is consistent with the decisions in In re Iuliano, 2010 WL 5452726 (Bankr. M.D. Fla.)(sixty days to seek approval of a sale, in a case that had been pending for four months), and In re Wait, 2010 WL 2667413 (Bankr. N.D. Iowa) (thirty days to sell property that had been severed from the debtor's homestead nine months earlier). See also In re Pauline, 119 B.R. 727 (9th Cir. BAP 1990) and In re Dillon, 219 B.R. 781 (Bankr. M.D. Tenn. 1998), in which the trustees were allowed sixty days to sell certain property of the estate, or the court would consider abandonment of the property as requested by the debtors.

Accordingly:

**IT IS ORDERED** that:

1. The Motion to Compel Trustee to Abandon Property, or in the Alternative, to Compel Trustee to Administer Property, filed by the Debtor, Valerie H. Shaw, is granted as set forth in this Order.

2. The Trustee is permitted sixty (60) days from the date of this Order within which to obtain a binding contract to sell or otherwise administer the residential real property located at 3542 Bay Island

Circle, Jacksonville Beach, Florida. If the Trustee does not obtain a binding contract within sixty days, the Trustee is directed to abandon the Property pursuant to §554(b) of the Bankruptcy Code.

**DATED** this  1  day of  July , 2011.

**BY THE COURT**

_____
PAUL M. GLENN
Chief Bankruptcy Judge