UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

VALERIE H. SHAW,   Case No.: 3:10-bk-07287-PMG

Debtor.   Chapter 7

_____/

## MOTION FOR RECONSIDERATION OF ORDER ON MOTION TO COMPEL TRUSTEE TO ABANDON PROPERTY, OR IN THE ALTERNATIVE, TO COMPEL TRUSTEE TO ADMINISTER PROPERTY

Gordon P. Jones, Chapter 7 Trustee (the "Trustee"), by and through his undersigned counsel and pursuant to Rules 8002(b) and 9023 of the Federal Rules of Bankruptcy Procedures, moves the Court for reconsideration of the Order on Motion to Compel Trustee to Abandon Property, or in the Alternative, to Compel Trustee to Administer Property (the "Order") (Doc. 71) and says in support thereof:

1. On August 20, 2010 (the "Petition Date"), Valerie H. Shaw (the "Debtor") filed a voluntary petition for relief (the "Petition") under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") in the case styled as *In re Valerie H. Shaw*, Case No. 3:10-bk-07287-PMG (the "Bankruptcy Case").

2. The Trustee was appointed as Chapter 7 Trustee in the Bankruptcy Case.

3. On October 19, 2010, the Trustee filed an Objection to the Debtor's Claim of Exemptions (Doc. No. 18), on grounds that (1) the values claimed as exempt were too low and the amounts claimed as exempt were in excess of the amounts the Debtor is permitted to claim as

{JA637836;4}

exempt under applicable law and (2) the Debtor is not entitled to any exemptions under § 222.25(4), Florida Statutes because she continues to reside in her homestead.

4. On February 23, 2011, the Trustee, for and on behalf of the estate, commenced that certain adversary proceeding styled as *Gordon P. Jones, Chapter 7 Trustee v. Valerie H. Shaw*; United States Bankruptcy Court, Middle District of Florida, Jacksonville Division; Adv. Proc. No. 3:11-ap-0095-PMG (the "Adversary Proceeding"). The Adversary Proceeding is still pending. A final evidentiary hearing in the Adversary Proceeding is scheduled for October 25, 2011 at 1:30 p.m.

5. On March 25, 2011, the Debtor filed the Motion to Compel Trustee to Abandon Property, or in the Alternative, to Compel Trustee to Administer Property (the "Motion") (Doc. 49), and on April 27, 2011, the Trustee filed a Response to the Motion (the "Response") (Doc. 58).

6. On June 13, 2011, the Trustee filed a Motion for Turnover of Property of the Estate (Doc. No. 63) (the "Turnover Motion"). A preliminary hearing on the Turnover Motion is scheduled for August 10, 2011 at 9:00 a.m.

7. On June 14, 2011, the Bankruptcy Court held a hearing on, among other items, the Motion.

8. On July 1, 2011, the Court entered the Order (Doc. 71).

9. Fed. R. Bankr. P. 9023 incorporates Fed. R. Civ. P. 59 and provides that "[a] motion … to alter ..a judgment shall be filed … no later than 14 days after entry of the judgment."[1]

---

[1] Pursuant to Fed. R. Bankr. P. 8002(b) a timely-filed motion for reconsideration under Fed. R. Bankr. P. 9023 tolls the 14-day period for filing a notice of appeal of the Order under reconsideration.

10. Federal Rule of Civil Procedure 59 provides in relevant part that "a motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment".

11. Federal Rule of Bankruptcy Procedure 9001(7) defines "judgment" as "any appealable order". Rule 8001(a) refers to appeals from "a final judgment, order or decree".

12. The grounds for granting a motion for reconsideration "are newly-discovered evidence or manifest errors of law or fact." *In re Kellogg,* 197 F.3d 1116, 1119 (11th Cir. 1999). Reconsideration is appropriate in limited circumstances to: (1) account for an intervening change in controlling law, (2) consider newly available evidence, or (3) correct clear error or prevent manifest injustice. *Id.*

13. The Trustee respectfully submits that the Court committed manifest error in several respects in entering the Order and reconsideration is warranted to correct clear error and prevent injustice in this case.

14. As support for the Trustee's position, the Trustee asserts, *inter alia*, that:

   a. The Order was entered without any opportunity for the Trustee to present evidence in support of the Response. With the potentially broad implications of the Order, the Trustee believes the Court's ruling on the Motion should be rendered only after a full evidentiary hearing. The Trustee is prepared to present evidence in support of the Trustee's contentions that the Motion should have been denied. The Trustee asserts that such evidence will establish, *inter alia*, that (i) the Debtor's real property located at 3542 Bay Island Circle, Atlantic Beach, Florida 32250 (the "Property") is of consequential value to the Debtor's bankruptcy estate, and (ii) value of the Property should not be derived by simply looking at tax assessed value and the debt encumbering the Property;

b. The Order in and of itself detracts from the Trustee's ability to maximize value of the Property and a sixty-day period is not sufficient for the Trustee to achieve the maximum value of the Property;

c. The alleged post-petition debt the Debtor purportedly would incur as a result of a municipal ordinance is not supported by any evidence or legal authority. The Trustee has sought discovery related to this alleged post-petition debt and other matters in the Adversary Proceeding and to date the Debtor has failed to produce such evidence. Simultaneously with filing this motion for reconsideration, the Trustee has filed a motion to compel production in the Adversary Proceeding. The Trustee believes the evidence requested in such discovery is relevant to the issues presented by the Motion and the Debtor should adequately respond to discovery and the Trustee should have an opportunity to evaluate and present such evidence in support of issues presented by the Motion;

d. The Trustee has a specific plan for liquidation of the Property, is moving forward with respect to such plan, and is not speculating as to possible scenarios in which there might be such benefit to the estate. The Trustee should be afforded the opportunity to present evidence to show the Court that he has specific plans for liquidation of the Property;

e. The Debtor's contention that she has maintained the Property and may incur post-petition liabilities if the Property is vacated and falls into disrepair should be supported by evidence;

f. The current market for real estate is in a state of flux and the state of that market should be considered by the Court; and

g. Case law interpreting the wildcard exemption under Fla. Stat. § 222.25(4) is still developing and only recently have there been opinions that provide guidance, albeit not 100% clear, as to how Chapter 7 trustees should proceed in instance where debtors claim the wildcard exemption and maintain possession of real claimed as their Florida homestead property prior to a bankruptcy filing. The Trustee should be entitled to present evidence to the Court on how these recent opinions impact actions taken to date in this case and his impressions on administration of cases with similar facts.

15. The Court relies upon *In re Dunn*, 320 B.R. 161, 164 (Bankr. S.D. Ohio 2004), finding 11 U.S.C. §§ 542 and 554 require an evaluation of whether an asset is an "inconsequential value or benefit to the estate." (Doc. 71, p. 5) The Trustee submits that only upon an evidentiary hearing can such an evaluation be made and in this case the evidence will show that unsecured creditors are likely to benefit from a sale of fully encumbered property. Furthermore, as noted in the Order (Doc. 71, p. 7), the prima facie case may be rebutted by showing that some method of sale holds a reasonable prospect that creditors will receive a meaningful recovery from the asset. In this case, the Trustee was not given the opportunity to present a rebuttal with evidentiary support. Furthermore, the court in *Dunn*, quoting *In re K.C. Machine & Tool Co.*, 816 F.2d 238, 246 (6th Cir. 1987), notes abandonment is the exception, not the rule, and after conducting an evidentiary hearing denied the debtor's motion to compel abandonment in that case. *Dunn*, 320 B.R. at 164.

16. Cases cited in the Order are distinguishable from the case at hand. The recent case of *In re Iuliano*, Case No. 8:09-bk-04904-CED (Bankr. M.D. Fla. December 28, 2010), *aff'd*

*In re Iuliano*, 2011 WL 1627172 (M.D. Fla. April 29, 2011)[2], noted several cases in which Chapter 7 trustees had "sold homestead property (surrendered by the debtor and not claimed as exempt) to the mortgage lender, generating thousands of dollars for the estate." Furthermore, the *Iuliano* Bankruptcy Court also contemplated "evidence of a proposed sale" as a basis upon which an abandonment should not be allowed. *In re Iuliano*, Case No. 8:09-bk-04904-CED (Bankr. M.D. Fla. December 28, 2010) at p. 4-5.

17. In *In re Rasberry*, 2009 WL 2921301 (Bankr. E.D. Okla. 2009), dealing with a debtor's motion for abandonment of a state court lawsuit that was originally not scheduled, the trustee and debtor's counsel declined the opportunity to present evidence and the trustee advised the Court that he did not think the claim had any value to the bankruptcy estate. *Rasberry* is clearly distinguishable from this case as the Trustee feels the Property has value to the bankruptcy estate and has requested the opportunity to present this Court with evidence in support of his Response objecting to the Motion.

18. Similarly distinguishable from this case, the court in *In re Nelson*, 251 B.R. 857 (8th Cir. B.A.P. 2000) affirmed a bankruptcy court's determination based upon an evidentiary presentation that included an admission from the trustee that the sale of the property at issue would not generate any benefit to the estate.

19. The court in *In re Wait*, 2010 WL 2667413 (Bankr. N.D. Iowa 2010) set a 30-day period, but the end of that period was not an end game for the trustee. Rather, the *Wait* court, nine months after the Trustee was determined to be able to sell a parcel of an Iowa homestead

---

[2] The District Court in its opinion *In re Iuliano*, 2011 WL 1627172 * 2 (M.D. Fla. April 29, 2011) adopted the opinion of the *Iuliano* Bankruptcy Court with the exception related to a possible interpretation that could be construed to mean the Debtors did not receive the benefit of the homestead exemption because they had no equity in the property. This exception would not appear to impact the Motion and Order.

that exceeded the acreage limit, found the trustee should have 30 days to decide whether to abandon or to assume pro rate share of maintaining the property. *Wait*, 2010 WL 2667413 at *5.

20. The decision supporting abandonment in *Carey v. Pauline (In re Pauline)*, 119 B.R. 727 (Bank. 9th B.A.P. 1990) was supported by the fact the trustee failed to object to a claim of exemption in property at issue and the trustee originally stated he was abandoning the interest in the property. In the case at hand, the Debtor did not elect to claim the Property as exempt and the Trustee has always maintained that the Property should not be abandoned.

21. The Trustee also believes that the Court's finding in the Order that the Debtor was a party in interest would be impacted by an evidentiary presentation.

22. For the reasons set forth above, the Trustee respectfully requests that the Court set aside the Order and conduct an evidentiary hearing on the Motion. The Trustee estimates sixty days is needed to complete discovery with respect thereto and that an evidentiary hearing on the Motion can be completed within four hours.

WHEREFORE, Gordon P. Jones, Chapter 7 Trustee, respectfully requests that the Court enter an order (i) setting aside the Court's Order on Motion to Compel Trustee to Abandon Property, or in the Alternative, to Compel Trustee to Administer Property dated July 1, 2011, or alternatively, (ii) scheduling an evidentiary hearing on the Debtor's March 25, 2011 Motion to Compel Trustee to Abandon Property, or in the Alternative, to Compel Trustee to Administer Property, and (iii) granting such other relief as is just and proper.

Dated: July 15, 2011.                             AKERMAN SENTERFITT

                                                  By: /s/ Jacob A. Brown
                                                      Jacob A. Brown
                                                      Florida Bar No.: 0170038
                                                      Email: jacob.brown@akerman.com
                                                      Katherine C. Fackler
                                                      Florida Bar No.: 068549
                                                      Email: katie.coxe@akerman.com
                                                      50 North Laura Street, Suite 3100
                                                      Jacksonville, FL  32202
                                                      Telephone:  (904) 798-3700
                                                      Facsimile:  (904) 798-3730

                                                  Attorneys for Gordon P. Jones, Chapter Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished by either electronic notification or U.S. Mail, postage prepaid and properly addressed, on the 15th day of July, 2011, to:

Valerie H. Shaw
3542 Bay Island Circle
Jacksonville Beach, FL 32250

Edward P. Jackson, Esq.
Edward P. Jackson, P.A.
255 North Liberty Street, First Floor
Jacksonville, FL 32202

Gordon P. Jones, Chapter 7 Trustee
P.O. Box 600459
Jacksonville, FL 32260-0459

United States Trustee - JAX7
135 W. Central Blvd., Suite 620
Orlando, FL 32801

                                                      /s/ Jacob A. Brown
                                                       Attorney