**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                                              Case No.: 3:10-bk-07287-PMG

**VALERIE H. SHAW**,                                Chapter 7

     Debtor.
_____ /

## MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE

Gordon P. Jones, Chapter 7 Trustee (the "Trustee"), by and through his undersigned counsel, moves the Court for entry of an Order compelling the Debtor, Valerie H. Shaw (the "Debtor") to turnover certain property of the bankruptcy estate, and in support thereof says:

1.      On August 20, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief (the "Petition") under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division (the "Bankruptcy Court") in the case styled as *In re Valerie H. Shaw*, Case No. 3:10-bk-07287-PMG (the "Bankruptcy Case").

2.      On August 23, 2010, the Trustee was appointed Chapter 7 Trustee in the Bankruptcy Case.

3.      This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(B)(2)(E).

4.      On Schedule B o f the Petition, the Debtor scheduled an interest in a 2001 Toyota Solara in the Amount of $4,000.00 (the "Vehicle").  The Debtor's Schedules A through J are incorporated by reference herein.

5.      On September 23, 2010, the Debtor filed an Amendment to her Schedules C, D and F.  The Amendment is incorporated by reference herein.

6.     On the Amended Schedule C, the Debtor claimed $4,000.00 in exemptions in the Vehicle pursuant to §§ 222.25(1) and (4), Florida Statutes.

7.     On the Amended Schedule D, the Debtor scheduled a lien on the Vehicle held by Greg Martin in the amount of $4,500.00 (the "Alleged Lien").

8.     The Trustee believes the Alleged Lien is invalid because there is no notation of lien on the title to the Vehicle.  *See* § 319.27, Florida Statutes (2010).

9.     Additionally, the Trustee believes the scheduled value of the Vehicle is low.

10.     Accordingly, there appears to be equity in the Vehicle that is property of the Debtor's bankruptcy estate pursuant to 11 U.S.C. § 541, and the Debtor is required to turnover the Vehicle to the Trustee pursuant to 11 U.S.C. § 542.

WHEREFORE, Gordon P. Jones, Chapter 7 Trustee, respectfully requests this Court enter an Order compelling the Debtor to turnover the Vehicle to the Trustee, and granting such other and further relief as the Court deems just and proper.

Dated: October 14, 2011.                           AKERMAN SENTERFITT

By:*/s/  Jacob A. Brown*
　　　Jacob A. Brown
　　　Florida Bar No.: 0170038
　　　Email: jacob.brown@akerman.com
　　　Katherine C. Fackler
　　　Florida Bar No.: 068549
　　　Email: katherine.fackler@akerman.com
　　　50 North Laura Street, Suite 3100
　　　Jacksonville, FL  32202
　　　Telephone:  (904) 798-3700
　　　Facsimile:  (904) 798-3730

　　　Attorneys for Gordon P. Jones, Chapter Trustee

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was furnished by either electronic notification or U.S. Mail, postage prepaid and properly addressed, on the 14th day of October, 2011, to:

Valerie H. Shaw
3542 Bay Island Circle
Jacksonville Beach, FL 32250

Edward P. Jackson, Esq.
Edward P. Jackson, P.A.
255 North Liberty Street, First Floor
Jacksonville, FL 32202

Gordon P. Jones, Chapter 7 Trustee
P.O. Box 600459
Jacksonville, FL 32260-0459

United States Trustee - JAX7
135 W. Central Blvd., Suite 620
Orlando, FL 32801


*/s/ Jacob A. Brown*
Attorney